# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| VIRGINIA SANDERS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )  No. 14-cv-2414-SHL-tmp |
| BAPTIST MEMORIAL HOSPITAL, | )<br>) |
| Defendant. | )<br>) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant Baptist Memorial Hospital's ("Baptist") Motion for Summary Judgment (ECF No. 81) recommending that the Court grant Defendant's Motion. Ms. Sanders filed her objection to the Report and Recommendation on August 28, 2015. (ECF No. 82.) For the reasons discussed below, the Court **ADOPTS** the Report and Recommendation. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

FINDINGS OF FACT

Although *pro se* filings are treated with leniency by the courts, the Court cannot find any objection to the Report and Recommendation's proposed findings of fact within Ms. Sanders's submission. For Ms. Sanders to have properly objected to the proposed findings of fact, she would have had to challenge the Report and Recommendation's finding that she did not dispute the Defendant's Statement of Undisputed Facts. She did not. Therefore, finding no clear error, the Court adopts the Report and Recommendation's proposed findings of fact in their entirety. See Fed. R. Civ. P. 72(b) advisory committee notes. A brief summary of the facts is detailed below.

Ms. Sanders is an African-American woman, who, until her termination, had worked at Baptist Memorial Hospital for eighteen years as an Administrative Unit Coordinator. (See ECF No. 81 at 3.) She was either 48 or 49 years old at the time the events at issue occurred. (See id.) On June 13, 2013, Ms. Sanders was working on Five North Post-Op Surgery at Baptist under the immediate supervision of Charge Nurse Lola Lofton. (Id. at 4) Ms. Sanders also worked with Patient Care Assistant Dale Neil that day. (Id.) At some point during the shift, Ms. Sanders got into a verbal altercation with Ms. Neil. (See id.) What began with an exchange of words and non-verbal signals[1] escalated into Ms. Dale threatening Ms. Sanders with clenched fists, and culminated in Ms. Sanders calling security. (See id. at 4–5.) After meeting briefly with Lofton,[2] Neil, and Sanders, the security officers informed Ms. Neil and Ms. Sanders that management would have to deal with the matter. (See id. at 5.)

Ms. Sanders then returned to her work station, and Ms. Lofton asked her to come into Ms. Lofton's office, in which Ms. Neil was already seated. (Id.) Ms. Lofton asked the two women to complete written statements about their altercation. (See id.) However, Ms. Sanders never completed her written statement before leaving work that day. (Id.)

The next day, the nurse manager who investigated the event, Latonia Green, called Ms. Sanders to request a written summary of the incident, and informed her that she could not return to work until she had done so. (Id.) Both Ms. Lofton and Ms. Neil submitted their written statements that day, but Ms. Sanders did not – and never did. (See id. at 6.) On June 17, 2013, Ms. Green called Ms. Sanders again and told her to report to Baptist the next day. (Id.) When

---

[1] Apparently, Ms. Neil made a non-verbal gesture to Ms. Sanders which Ms. Sanders interpreted as meaning "kiss my behind." (ECF No. 81 at 4.) Ms. Sanders responded that she would not. (See id.)
[2] Ms. Lofton apparently left the meeting abruptly, saying she "had nothing to do with this." (ECF No. 81 at 5.)

2

Ms. Sanders arrived that day, Ms. Green informed her that she was being terminated due to her role in the altercation with Ms. Neil, and because she refused to submit a written statement about the event. (See id.)

In response to her termination, on December 26, 2013, Ms. Sanders filed an Equal Employment Opportunity Commission ("EEOC") charge of race and age discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967, respectively. (Id.) She received her Notice of Right to Sue from the EEOC on April 17, 2014, and she filed the instant suit *pro se* on June 2, 2014. (Id.)

## STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of a motion for summary judgment. 28 U.S.C. § 636(b)(1)(B). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. When neither party objects to the magistrate judge's factual or legal conclusions, the district court need not review those findings under a *de novo* or any other standard. Thomas, 474 U.S. at 150.

## ANALYSIS

The Magistrate Judge's Report and Recommendation recommended that the Court grant Defendant's Motion for Summary Judgment. Ms. Sanders filed an objection in narrative form that did not specifically object to any one portion of the Report and Recommendation. To the

3

extent that portions of the Report and Recommendation were not objected to, the Court has reviewed those portions for clear error, and has found none. See Fed. R. Civ. P. 72(b) advisory committee notes. However, viewing her objection in light of her *pro se* status, the Court is able to glean some specific objections that it analyzes *de novo* below.

1. First Objection

Ms. Sanders objects to the Magistrate Judge's conclusion that Nicole Foster was not a proper comparator to prove racial discrimination. To support her claim that the two were similarly situated, she states, "[b]oth Virginia Sanders and Nicole Fostor [sic] worked as Unit Coordinator, same job title, day shift and every other weekend." (ECF No. 82 at 2.) Ms. Sanders also argues that Ms. Foster, who is white, was given the opportunity to resign even though she "abused the attendance policy." Ms. Sanders was not given the same opportunity after her altercation with Ms. Neil.[3] Based upon the evidence in the record, the Court finds that Nicole Foster is not a proper comparator.

A proper comparator is one who is "'similarly situated [to a plaintiff] in all relevant aspects.'" Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 917 (6th Cir. 2013) (quoting Wright v. Murray Guard, Inc., 455 F.3d 702, 710 (6th Cir. 2006)). To be similarly situated, "'the plaintiff and comparator must have engaged in acts of comparable seriousness.'" Wright, 455 F.3d at 710 (quoting Clayton v. Meijer, Inc., 281 F.3d 605, 611 (6th Cir. 2002)). "To make this assessment, a court must look to certain factors, such as whether the individuals have dealt with the same supervisor, have been subject to the same standards and have engaged

---

[3] Ms. Sanders also alleges that she was terminated without receiving any warnings as required by Baptist's policies. (See ECF No. 82 at 1.) Whatever merit that argument may have, the Court must disregard it, as it was not raised before the Magistrate Judge. See Taylor v. Mich. Dep't Corr., No. 92-2426, 1993 WL 533470 at *2 (6th Cir. Dec. 22, 1993) (citing Borden v. Sec'y of Health & Human Serv., 836 F.2d 2, 4 (1st Cir. 1987).

4

in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Id. (internal quotation marks omitted).

While Ms. Foster and Ms. Sanders both held the same position and worked in the same unit, the Court finds that the two are not similarly situated. Ms. Sanders cannot prove that she and Ms. Foster engaged in acts of comparable seriousness. In this case, Ms. Sanders was terminated because she got into a verbal altercation with a co-worker and failed to provide a written statement regarding the incident despite at least two requests to do so. In contrast, Ms. Foster received a final written warning for her attendance violations, but had not violated the terms of that warning before she resigned. (See ECF No. 74-4 at 2.) Her resignation was not even related to her attendance violations.[4] (See id.) Thus, the conduct of Ms. Foster was neither similar to that of Ms. Sanders, nor was it comparably serious.[5] See Wright, 455 F.3d at 710–11 (ruling that plaintiff and proposed comparator were not similarly situated because "their alleged acts of misconduct are of a very different nature, and there are legitimate reasons why [defendant] would treat them differently.") No reasonable jury could find that she is a proper comparator.

2. Second Objection

Ms. Sanders also objects to the Magistrate Judge's finding that she could not establish a *prima facie* case for age discrimination. She argues that she has indeed alleged *prima facie* age discrimination because she was 49-years old at the time she was terminated and was replaced by a younger woman named "Corissa, last name unknown." (ECF No. 82 at 2.) According to Ms.

---

[4] Ms. Foster stated that she resigned in order to return to nursing school to get her degree. (See ECF No. 74-4 at 2.)
[5] There is also no disparity in treatment because Ms. Foster's resignation, which Ms. Sanders cites as favorable treatment, was purely voluntary and unrelated to her attendance violations.

5

Sanders, Corissa "appeared to be 20 to 25 years old," and was not qualified for the job. (Id. at 2–3.) Ms. Sanders states that Baptist terminated her and replaced her with youthful Corissa as part of a hospital-wide conspiracy to save money by replacing older staff with younger hires. (See id.) Relatedly, she also alleges that she was retaliated against for complaining about older employees being replaced with younger ones. (See id.)

First, these allegations were not raised in Ms. Sander's *Pro Se* Complaint, her numerous attempts to amend her Complaint or her response to Defendant's Motion for Summary Judgment. Even considering the leniency afforded to a *pro se* plaintiff, Ms. Sanders cannot save her case by flouting the rules and making new arguments that have never been put before the Magistrate Judge. See Taylor v. Mich. Dep't Corr., No. 92-2426, 1993 WL 533470 at *2 (6th Cir. Dec. 22, 1993) (citing Borden v. Sec'y of Health & Human Serv., 836 F.2d 2, 4 (1st Cir. 1987). Therefore, the Court will not consider the allegations related to "Corissa, last name unknown," the hospital-wide conspiracy against older staff or Ms. Sanders's retaliation claim.

To the extent that her objection addresses her age discrimination claim in general, it still fails. She has not properly alleged that she was either replaced with a substantially younger person, or that she was treated differently than a similarly-situated, non-protected employee. See Stewart v. Kettering Health Network, 576 F. App'x 518, 521 (6th Cir. 2014). The only person that Ms. Sanders has identified that could constitute an age discrimination comparator is Nicole Foster, and the Court has already found that she is not similarly situated to Plaintiff. See supra p. 5. Therefore, no reasonable jury could conclude that she has established a *prima facie* case for age discrimination.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is hereby **ADOPTED**. Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED,** this 1st day of October, 2015.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE
